**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| ERNEST PHILLIPS, | ) CASE NO. 1:21-cv-01674 |
| Petitioner, | ) JUDGE DAVID A. RUIZ |
| v. | ) |
| MISTY MACKEY, Acting Warden, | ) |
| | ) **MEMORANDUM OPINION AND ORDER** |
| Respondent. | ) |

### I. INTRODUCTION

This matter is before the Court on the Report and Recommendation of Magistrate Judge Amanda M. Knapp. (R. 28). Petitioner Ernest Phillips filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (R. 1), and an amended petition with leave of court. (R. 16). The Petition as amended asserts three grounds for relief stemming from Petitioner's conviction on two counts of murder, one count of felonious assault, two counts of having a weapon while under disability, and one count of carrying a concealed weapon—convictions that resulted in a prison sentence of nineteen years and six months to life. *Id.*

Subsequent to Petitioner's amended Petition, Respondent filed an amended Return of Writ (R. 20) and a supplemental Return (R. 24), to which Petitioner filed a Traverse (R. 26). The Magistrate Judge issued an extensive thirty-four page Report and Recommendation (R&R) that recommends the Court deny the amended Petition because Ground One is not cognizable and without merit, and Ground Two and Three are without merit. (R. 28). After receiving an

enlargement of time (R. 30), Petitioner filed Objections to the R&R (R. 31). Respondent responded to those Objections (R. 32), and Petitioner filed a reply. (R. 33).

The matter is ripe for review. The Court has carefully reviewed the R&R, the underlying record, and parties' filing. For the following reasons, the Court agrees with the R&R, adopts it in its entirety, and denies the amended Petition.

## II.  BACKGROUND

The Court accepts the R&R's statement of the underlying facts and procedural history, as neither party objected to them. (R. 28, Page ID#: 1524-1529). The R&R extensively quoted the state appellate court's findings of facts, and this summary provides a brief context for the Court's review.

On November 19, 2018, Petitioner was using his cell phone inside a Cleveland convenience store when two men entered the store and interrupted Petitioner's call. (R. 28, Page ID#: 1523). Petitioner became angry and a confrontation ensued. (*Id*., Page ID#: 1524). As shown by in-store surveillance video and as testified to by a witness, the two men threatened Petitioner and Petitioner pulled out a gun, though he did not point it at anyone but kept it at his side. (*Id*.). When one of the other men lunged toward Petitioner, Petitioner raised his gun, the man turned and ran, and Petitioner shot him in the back. (*Id*.).

Petitioner was indicted on multiple counts arising from this incident. (*Id*., Page ID#: 1524-25). Following a jury trial on some of the counts, with the rest tried to the court, the jury, *inter alia*, found that Petitioner was either at fault for creating the situation that led to the victim's death or did not have a reasonable belief that he was in imminent danger of death or great bodily harm at the time he shot the victim, thus negating the basis for self-defense. (*Id.,* Page ID#: 1525). Petitioner was convicted and sentenced as noted above.

### A. State court proceedings

<u>1. Direct appeal</u>

On direct appeal, Petitioner raised a single assignment of error contending that the trial court erred by not instructing the jury on inferior offenses of manslaughter and aggravated assault. (*Id*., Page ID#: 1526). The appeals court overruled the assignment of error, finding that the trial court did not abuse its discretion by not giving such an instruction. (*Id*.). An application for reconsideration was denied. (*Id*.).

Petitioner, through counsel, then filed a notice of appeal with the Ohio Supreme Court raising two propositions of law, arguing *inter alia* that: (1) verbal threats can be a serious provocation causing a person to use deadly force in a sudden passion or fit of rage, and (2) an appellant does not forfeit claims that are asserted expressly in an assignment of error and supported by citations to the record. (*Id*., Page ID #: 1527). The Ohio Supreme Court declined to accept the appeal. (*Id*.).

<u>2. Application to reopen the appeal</u>

While the direct appeal was pending, Petitioner, through counsel, filed an application pursuant to Ohio App. R. 26(B) to reopen his appeal. (*Id*.). Petitioner argued that his previous appellate counsel was ineffective for failing to develop the inferior offenses jury instruction argument and for failing to raise a separate argument that the murder conviction was against the manifest weight of the evidence. (*Id*.). The appeals court denied the application to reopen and then the Ohio Supreme Court declined to accept Petitioner's *pro se* appeal from that decision. (*Id*., Page ID#: 1528).

### B. Federal habeas petition

Petitioner's amended Petition for federal habeas relief raises the following three grounds

3

for relief:

> Ground One: The trial court erred when it refused to instruct the jury on the inferior offenses of manslaughter and aggravated assault.
>
> Ground Two: Ineffective assistance of appellate counsel for failure to develop the one assignment of error raised on direct appeal.
>
> Ground Three: Ineffective assistance of appellate counsel for failure to raise a manifest weight of the evidence argument.

(*Id.*, Page ID#: 1529).

The R&R concluded that the Petition should be denied. It recommends that Ground One should be dismissed because the alleged failure to provide a jury instruction raises a question of state law not cognizable in federal habeas review; and alternatively, it should be denied on the merits because the state appellate court's decision denying this claim was not an unreasonable application of clearly established federal law.

It further recommended that Grounds Two and Three should be denied on the merits. Regarding the contention that appellate counsel should have more fully developed the argument relating to jury instruction on an inferior offense, the R&R determined the state appellate court had already found that the claim lacked merit, as there was no probability of a different outcome because the Ohio court had already found Petitioner would not factually qualify for the charge of aggravated assault and the charge of manslaughter is not available when the predicate offense is a felony of the second degree. Regarding the contention that appellate counsel was ineffective for not raising a manifest weight argument, the R&R determined the state appellate court had already found that there was no reasonable probability of a different outcome because the prosecution had shown Petitioner had not acted in self-defense. (*Id.*, Page ID#: 1531-1552).

Petitioner's Objection to the R&R first contends error regarding Ground One, asserting

4

the R&R did not address the fundamental unfairness of not giving the requested jury instruction. (R. 31, Page ID#: 1566-67).

Next, Petitioner maintains that the R&R's findings that Grounds Two and Three lack of merit is also an error. As to Ground Two, Petitioner contends that the Ohio appeals court's conclusion that the surveillance video did not establish grounds for an instruction on self-defense leaves unanswered whether the same evidence would have supported the lesser offense of manslaughter, which arises when the defendant is shown to have acted in a sudden passion or fit of rage. (*Id.*, Page ID#: 1571-72). This, Petitioner argues, is what his appellate counsel failed to develop. (*Id.*). As to Ground Three, Petitioner maintains that his appellate counsel should have presented a manifest weight argument because Ohio law had recently shifted the burden of a self-defense claim from the defendant to the prosecution. (*Id.*, Page ID#: 1573-74). He asserts that because his initial appellate counsel did not view the surveillance tape, he did not understand how self-defense would have been applicable. (*Id.*).

As noted above, the State filed a response to Petitioner's objections. (R. 32). Petitioner filed a reply. (R. 33).

### III.  ANALYSIS

#### A.  Standard of Review

When a magistrate judge submits a Report and Recommendation, the Court is required to conduct a *de novo* review of those portions of the Report to which proper objection has been made. Fed. R. Civ. P. 72(b)(3); Local Rule 72.3(b). However, "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *accord Austin v. Comm'r of Soc. Sec.*, 2021 WL 1540389, at *4 (N.D. Ohio Apr. 19, 2021) (finding that a general objection

that merely restates an argument previously presented or simply voices a disagreement with a magistrate judge's suggested resolution "has the same effects as would a failure to object" (citation omitted)). The text of Federal Rule of Civil Procedure 72(b)(3) addresses only the review of reports to which objections have been made but does not specify any standard of review for those reports to which no objections have lodged. The Advisory Committee on Civil Rules commented on a district court's review of unopposed reports by magistrate judges. In regard to subsection (b) of Rule 72, the Advisory Committee stated: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 Advisory Committee's notes (*citing Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879)).

**B. Discussion**

Although Petitioner has objected to the R&R, Respondent aptly characterizes them as general objections. Despite the lack of specificity in the objections, the Court has conducted a de novo review of the R&R, the record, and parties' filings regarding those portions of the R&R to which Petitioner objected.

1. Ground One

The R&R properly concluded that Ground One, alleging failure to give a jury instruction on manslaughter and aggravated assault was a non-cognizable issue of state law and, alternatively, without merit. (R. 28, Page ID#: 1536-39). In the first instance – non-cognizability – Petitioner has not shown that the R&R erred by concluding this raises a purely state law issue, nor has he shown the R&R either improperly relied upon or incorrectly applied the relevant clearly established federal law that holds—in non-capital cases—an alleged failure to instruct on

lesser included offenses is not such a fundamental defect as would result in a miscarriage of justice or be inconsistent with the rudimentary demands of due process. (*Id*. Page ID#: 1538, citing *Bagby v. Sowders*, 894 F.2d 792, 797 (6th Cir. 1990)). In fact, Petitioner simply contends the opposite when he claims, without citation to authority, that the R&R's error as to Ground One was in not recognizing that the failure to give an instruction on manslaughter "violated [Petitioner's] due process rights under the Fourteenth Amendment." (R.31, Page ID#: 1566). This objection is not grounded in the correct applicable federal law and there is no basis for overturning the R&R on this point. Therefore, the Court agrees with the R&R's analysis and overrules the objection.

2. Ground Two

Petitioner contends the R&R's considerations of Ground Two failed to acknowledge that his appellate counsel erred by not developing the argument on appeal that Petitioner would have been eligible to receive a jury instruction on the lesser offense of manslaughter. He contends the same video surveillance evidence that precluded self-defense would have supported a manslaughter charge. (*Id*., Page ID#: 1571-72).

The R&R, however, examined the state appellate court's reasoning and conclusion that Petitioner had not acted in sudden passion or fit of rage, as would have been required for a manslaughter charge. (R. 28, Page ID#: 1546). In that regard, the R&R noted first that the federal habeas court is bound by the state court's application of state law – here, the Ohio court's determination that the facts did not show a basis for a charge of manslaughter. (*Id*., citations omitted). Petitioner has not directly addressed this requirement of the federal habeas law nor shown that the magistrate judge misapplied it. Although Petitioner appears to disagree with factual findings of the state court, the R&R properly observes that such state court findings are

7

binding on the federal habeas court absent clear and convincing evidence to the contrary, which Petitioner has not advanced. (*See, id.*, citation omitted).

The Court finds that the R&R properly determined that the state appeals court did not err when considering the ineffective assistance of appellate counsel claim and concluding that the clearly established federal two-prong test of *Strickland v. Washington*, 466 U.S. 668, 687 (1984) was not violated since the record did not support finding both proof of counsel's deficient performance and proof that such performance was prejudicial to petitioner. (*Id.*, Page ID#: 1540, 1546-47). The R&R applied the correct deferential *Strickland* standard, and there is no reason to conclude the state appellate court or magistrate judge's R&R erred.

Thus, Petitioner's objections to the R&R as to Ground Two are overruled.

3. Ground Three

Here, Petitioner's argument centers on a claim that appellate counsel should have presented a manifest weight of the evidence argument in connection with the self-defense theory because changes in Ohio law had shifted the burden of establishing such a claim from the accused to the prosecution. (R. 31, Page ID#: 1574-76).

In addressing this claim, the R&R detailed the state appellate court's analysis of the change in Ohio's self-defense law before finding that the underlying facts still showed Petitioner ineligible for such a defense. (R. 28, Page ID#: 1548-51). The Ohio court found that two essential elements of self-defense were precluded by the evidence: first, Petitioner caused the confrontation that led to the victim's death and Petitioner did not try to retreat or avoid the danger, instead he was the aggressor. (*Id.* Page ID#: 1552-53). The R&R then observed again that a state court's factual determinations and interpretations of state law are binding on the federal habeas court and Petitioner did not rebut the state court's findings. (*Id.*). The R&R finally

observed, once more, that Petitioner had not shown how the Ohio court's conclusion here under *Strickland*—which is entitled to a double layer of deference from the federal habeas court both as to a state court's findings and its deferential consideration of counsel's actions—was an unreasonable application of or contrary to *Strickland*. (*Id.*, Page ID#: 1554). The Court agrees with the R&R's analysis of Petitioner's claims of ineffective assistance of counsel and overrules the objection.

## IV.     Conclusion

The Court has reviewed carefully Petitioner's objections (R. 31), according to the above-referenced standard, are they hereby OVERRULED for the reasons stated. The Court agrees with the Report and Recommendation (R. 28) and it is hereby ADOPTED. The Petition (R. 1) as amended (R. 14) is hereby DISMISSED in part and DENIED in part, as is more fully set forth in the Report and Recommendation which is incorporated by reference.

Pursuant to 28 U.S.C. §§ 1915(a)(3), 2253(c) and Fed. R. App. P. 22(b), as well as the reasoning in the Report and Recommendation, the Court finds that there is not a sufficient basis to issue a certificate of appealability.

IT IS SO ORDERED.

Date: April 9, 2025

s/ *David A. Ruiz*
David A. Ruiz
United States District Judge